**KNIGHT RIDERS OF THE KU KLUX KLAN, et al., Plaintiffs,**

v.

**The CITY OF CINCINNATI, Defendant.**

**No. C–1–93–870.**

United States District Court,
S.D. Ohio,
Western Division.

Aug. 31, 1994.

Scott Greenwood, Cincinnati, OH, for plaintiffs.

Richard Ganulin, Karl Kadon, Wilton Blake, Cincinnati, OH, for defendant.

## ORDER

CARL B. RUBIN, District Judge.

This matter is before the Court upon the parties' stipulation of facts (Doc. no. 27), cross-motions for summary judgment (Doc. nos. 28, 29 and 30), and responses to the motions and to the Court's Order to Show Cause (Doc. nos. 32, 33 and 34). The parties agree that the material facts are not in dispute and that this case is appropriate for disposition by summary judgment. In accordance with Fed.R.Civ.P. 52, the Court hereby submits its Findings of Fact, Opinion and Conclusions of Law.

## I.

### FINDINGS OF FACT

The Court's Findings of Fact have been set forth in its Order of December 17, 1993 (Doc. no. 10), 847 F.Supp. 85 and are incorporated herein.

## II.

### OPINION

Plaintiffs claim that they are entitled to summary judgment in their favor because the display of a cross on Fountain Square is

constitutionally protected speech which the City of Cincinnati (City) cannot prohibit. Plaintiffs seek a permanent injunction (1) enjoining Defendant from enforcing § 713 of the Cincinnati Municipal Code, as amended by Ordinance 354–1993, against them, and (2) requiring Defendant to issue Plaintiffs permits for use of Fountain Square on the same basis as other users. Plaintiffs also ask the Court to invalidate § 713 on its face and as applied.

Defendant contends that it is entitled to summary judgment in its favor on the ground that a cross which is functionally and symbolically equivalent to a cross used by the Ku Klux Klan at a private rally is, as a matter of law, sufficiently injurious and inciteful when left unattended on public property as to constitutionally permit a government to prohibit its display.

In its Order of December 17, 1993, the Court addressed the issue of whether Defendant could constitutionally deny Plaintiff's application for display of a cross on Fountain Square under Cincinnati Municipal Code Section 713–2, as amended by Ordinance No. 354–1993. The Court determined that the issue turned upon a consideration of the First Amendment to the United States Constitution and that the narrow exceptions to free expression did not apply to the case before it. Specifically, the Court found that

> [A] silent cross bearing only a reference to a Bible verse that is not provocative ... does not constitute fighting words, nor, in the words of *Chaplinsky* ... is any reasonable onlooker likely to regard that cross as a direct personal insult or an invitation to exchange fisticuffs.

The Court therefore granted a preliminary injunction pending a determination on the merits. The Court reserved ruling on the issue of whether § 713 is facially valid.

### Enforcement of § 713 Against Plaintiffs

The Court reiterates its holding that the display of a cross bearing only the words "John 3:16 [1]" is speech that is protected un-

der the First Amendment and does not constitute fighting words. The Court's holding is bolstered by the recent decision of the United States Court of Appeals for the Sixth Circuit in *Pinette v. Capitol Square Review and Advisory Board*, 30 F.3d 675 (6th Cir. 1994). Although the issue presented in *Pinette* was whether a private organization's display of a religious symbol in a public forum violated the Establishment Clause, the First Amendment principles reaffirmed by the Court of Appeals in *Pinette* compel the conclusion reached by this Court in its Order of December 17, 1993.[2]

As noted by the Court in *Pinette*, "Without a compelling interest, the government may not discriminate against private speech in a public forum on account of the speaker's views." *Id.*, 30 F.3d at 677 (*citing Carey v. Brown*, 447 U.S. 455, 461–62, 100 S.Ct. 2286, 2290–91, 65 L.Ed.2d 263 (1980); *Police Dep't. of Chicago v. Mosley*, 408 U.S. 92, 96, 92 S.Ct. 2286, 2290, 33 L.Ed.2d 212 (1972)). Government "regulation of speech on government property that has traditionally been available for public expression is subject to the highest scrutiny." *Id.* at 678 (*citing Internat'l. Soc'y. for Krishna Consciousness, Inc. v. Lee*, — U.S. —, —, 112 S.Ct. 2701, 2705, 120 L.Ed.2d 541 (1992)). First Amendment protections extend to any conduct that is "sufficiently imbued with elements of communication to fall within the scope of the First and Fourteenth Amendments." *Id.* (*citing Spence v. Washington*, 418 U.S. 405, 409, 94 S.Ct. 2727, 2730, 41 L.Ed.2d 842 (1974) (*per curiam*)).

It is well-established that Fountain Square is a traditional public forum. *Congregation Lubavitch v. City of Cincinnati*, 923 F.2d 458, 461 (6th Cir.1991). Therefore, the City's regulation of speech on Fountain Square is subject to the highest scrutiny. The display of a cross on Fountain Square constitutes speech which is entitled to the full protection of the public forum doctrine. *See Pinette*, 30 F.3d at 678. The only issue

---

1. [F]or God so loved the world that he gave his only Son so that anyone who believes in Him shall not perish but have everlasting life. John 3:16.

2. It should be observed that a party plaintiff in that case is "Knights of the Ku Klux Klan."

remaining is whether the City has a compelling interest in regulating same.

■ The City claims that it does have such an interest because the cross erected by Plaintiffs constitutes fighting words. For the reasons stated in the Court's Order of December 17, 1993, the City's position is without merit. The display of an unattended cross is not "likely to provoke the average person to retaliation, and thereby cause a breach of the peace". *See Chaplinsky v. New Hampshire,* 315 U.S. 568, 574, 62 S.Ct. 766, 770, 86 L.Ed. 1031 (1942). Nor can it be said that the display of a cross is "directed to inciting or producing imminent lawless action and is likely to incite or produce such action". *See Texas v. Johnson,* 491 U.S. 397, 409, 109 S.Ct. 2533, 2542, 105 L.Ed.2d 342 (1989) (*quoting Brandenburg v. Ohio,* 395 U.S. 444, 447, 89 S.Ct. 1827, 1829, 23 L.Ed.2d 430 (1969)).

■ Despite the fact that the cross displayed on Fountain Square was unattended and bore only a reference to a Bible verse, the City repeatedly argues that the cross constitutes fighting words by virtue of its connotations. The City stresses that the sponsor of the display, the Ku Klux Klan, has historically used the cross to frighten, intimidate and denigrate certain citizens. The City further claims that a Ku Klux Klan sponsored cross does more than simply offend people: The cross harms. However, the only harm which the City claims to result from the display of the cross does not emanate from the cross itself: The harm alleged is injury stemming from what some perceive to be the offensive beliefs and practices of the Ku Klux Klan. That people may associate these beliefs and activities with the cross on Fountain Square, and therefore find the cross to be offensive, does not constitute a compelling interest that would permit the City to regulate display of the cross. It is a well-settled principle of First Amendment law that the government cannot regulate speech simply because some may find it offensive. *Texas v. Johnson,* 491 U.S. at 414, 109 S.Ct. at 2545. In this regard, the words of the United States Supreme Court in *Boos v. Barry,* 485 U.S. 312, 108 S.Ct. 1157, 99 L.Ed.2d 333 (1988), bear repeating:

> [I]n public debate our own citizens must tolerate insulting, and even outrageous, speech in order to provide "adequate 'breathing space' to the freedoms protected by the First Amendment."

Simply stated, although an unattended cross placed on Fountain Square may be offensive to some because of the perceived identity of the speaker, the display does not fall within the "small class of fighting words" that comprise an exception to the First Amendment guarantee of free speech.

In so finding, the Court is well aware that 24 individuals were arrested in 1992 for attempting to pull down the cross during its display. However, the protected or unprotected nature of the display must be determined based on the display itself rather than on the reaction of a small number of individuals to the display. It is apparently the City's position that lawless acts require punishment not of the actors, but of the nonviolent victims. This is a proposition of law with which this Court is not familiar. The ultimate invalidity of the Defendant's position may be demonstrated by postulating a situation where applications to place identical unidentified crosses on Fountain Square are made by the Klan and by a respected religious organization. It is apparently the position of the City of Cincinnati that it may issue a permit to one applicant and withhold a permit from the other. This position clearly contravenes well-established principles of First Amendment law.

*Facial Validity of § 713*

■ Plaintiffs challenge § 713, on its face, as an impermissible content-based prior restraint of First Amendment freedoms. A prior restriction on First Amendment rights is content-based where the restriction focuses only on the content of the speech and the direct impact the speech has on its listeners. *Boos v. Barry,* 485 U.S. at 321, 108 S.Ct. at 1163–64. The elements of a prior restraint are: (1) One who seeks to exercise First Amendment rights is required to apply to the government for permission; (2) The government is empowered to determine whether the applicant should be granted permission

on the basis of a review of the content of the proposed expression; (3) Approval is dependent upon the government's affirmative action; and (4) Approval is not a routine matter, but involves an examination of the facts, an exercise of judgment, and the formation of an opinion. *Southeastern Promotions, Ltd. v. Conrad,* 420 U.S. 546, 95 S.Ct. 1239, 43 L.Ed.2d 448 (1974).

■ While a prior restraint of First Amendment expression is not invalid *per se,* the restraint bears a "heavy presumption against its constitutional validity". *Id* at 558, 95 S.Ct. at 1246 (*citing Bantam Books, Inc. v. Sullivan,* 372 U.S. 58, 70, 83 S.Ct. 631, 639, 9 L.Ed.2d 584 (1963)). In order to be held constitutional, a system of prior restraint must include "narrow, objective and definite standards to guide the licensing authority ..." *Shuttlesworth v. Birmingham,* 394 U.S. 147, 150–151, 89 S.Ct. 935, 938, 22 L.Ed.2d 162 (1969). Moreover, the following procedural safeguards are required: (1) The burden of instituting judicial proceedings and of proving that the expression is unprotected must rest on the government; (2) A restraint prior to judicial review can be imposed only for a specified brief period of time and for the purpose of preserving the status quo; and (3) The system must contain an assurance of a prompt final judicial determination. *Conrad,* 420 U.S. at 560, 95 S.Ct. at 1247.

■ Applying the above law to the ordinance in question, it is clear that § 713 imposes a prior restraint on First Amendment rights in that it requires one who wishes to use Fountain Square for a special purpose to obtain a permit; it empowers the City to determine whether an applicant should be granted permission; and it conditions approval upon affirmative action by the City. Further, under the ordinance, permission is granted or withheld based on a review of the content of the proposed expression and approval requires an appraisal of facts and an exercise of judgment by the City. Specifically, the City is empowered to review the proposed expression and to form an opinion as to whether it constitutes,

[O]bscenity, defamation, or 'fighting words' including, but not limited to, a symbol, object, appellation, characterization, oral communication, or graffiti which injures a person or group of persons or is likely to cause an immediate act of violence by the listener or observer.

Accordingly, the ordinance bears a heavy presumption against its constitutional validity.

■ Section 713 fails to overcome this presumption. First, the ordinance grants the City virtually unbridled discretion to determine whether certain expression constitutes "defamation, obscenity, or 'fighting words,'" or whether it is likely to incite onlookers to immediate violence. In this respect, the ordinance closely resembles one which the United States Supreme Court struck down as invalid on its face in *Hague v. CIO,* 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423 (1939).[3]

Second, § 713 lacks the necessary procedural safeguards. The ordinance places the burden on an applicant to protest denial of a permit and institute judicial proceedings, and it does not assure a prompt final judicial determination. For these reasons, Section 713 is void on its face as violative of the First Amendment.

### III.

### *CONCLUSIONS OF LAW*

A. This Court has jurisdiction pursuant to 42 U.S.C. § 1983.

B. The erection of an unidentified wooden cross bearing only the words "John 3:16" does not constitute "fighting words", and its presence may not be prohibited in a public place on that basis.

C. The First Amendment to the Constitution of the United States permits insulting and even outrageous speech. *Boos v. Barry,* 485 U.S. 312, 108 S.Ct. 1157, 99 L.Ed.2d 333 (1988).

D. Under the Equal Protection Clause as well as the First Amendment, government

---

**3.** The ordinance at issue in *Hague* forbade public assembly in streets or parks absent a permit from the local director of safety, who was empowered

to deny a permit if, in his opinion, denial would prevent "riots, disturbances or disorderly assemblage".

may not grant the use of a forum to people whose views it finds acceptable, but deny use to those wishing to express less favored or more controversial views. *Police Dept. of the City of Chicago v. Mosley*, 408 U.S. 92, 96, 92 S.Ct. 2286, 2290, 33 L.Ed.2d 212 (1972), *cited with approval in, and followed by, Pinette v. Capitol Square Review and Advisory Board,* 30 F.3d 675 (6th Cir.1994).

E. Cincinnati Municipal Code Section 713, as amended by Ordinance 354–1993, is an impermissible content-based prior restraint upon the First Amendment and is accordingly void on its face.

F. Plaintiffs are entitled to a permanent injunction preventing the City of Cincinnati, its agents and employees, from denying to Plaintiff and all other persons similarly situated, a permit to erect an unidentified cross on Fountain Square.

LET JUDGMENT ISSUE IN ACCORDANCE WITH THE FOREGOING.